**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

| | |
|---|---|
| KENNETH CLAY, | |
| Plaintiff, | CIVIL ACTION NO.: 6:18-cv-92 |
| v. | |
| TOOMBS COUNTY SHERIFF'S OFFICE; ROBYN BANKS; and JAMES RON BIVINS, | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On July 24, 2019, Chief Judge J. Randal Hall ordered that Case Number 6:18-cv-93 and Case Number 6:18-cv-133 be consolidated into Case Number 6:18-cv-92.   Doc. 47.   Eleven motions, six originally filed in Case Number 6:18-cv-92 and five originally filed in Case Number 6:18-cv-93, are currently before the Court.   Docs. 10, 12, 13, 17, 18, 20, 30, 31, 32, 34, 35.   For the following reasons, I **GRANT** Plaintiff's Motion to Amend, doc. 34, and Motions to Supplement, docs. 18, 20.   I **DENY** Plaintiff's Motion to Amend, doc. 17, Plaintiff's Motion to Compel, doc. 31, and Motion for Leave of the Court to Start the Discovery Process, doc. 35.   I **RECOMMEND** the Court **DENY without prejudice** Defendant Toombs County Sheriff's Office's Motions to Dismiss, docs. 13, 32, and **DENY as premature** Plaintiff's Motion for Default Judgment, doc. 10, Motion for Judgment on the Pleadings, doc. 12, and Motion for Summary Judgment, doc. 30.

Finally, the Court **DEFERS** frivolity review and **ORDERS** Plaintiff to file an Amended Complaint within **14 days** of the date of this Order.   If Plaintiff fails to file an Amended

Complaint as ordered, the Court may dismiss this case for failure to prosecute and failure to follow the Court's Order.

## BACKGROUND

### I.    Overview

This case consists of three different Complaints (all brought by Plaintiff and all alleging substantially identical facts) which the Honorable J. Randal Hall recently consolidated into one action.   See Doc. 47.   All three cases now consolidated into this action arise from Plaintiff's arrest for failure to register as a sex offender under O.C.G.A. § 42-1-17.   Docs. 1, 22, 41.   In essence, Plaintiff alleges that he did, in fact, comply with the requirements of the sex offender registry and that the Toombs County Sheriff's Office (and employees Banks and Bivins) violated his constitutional rights by making false statements in his arrest warrant.   Docs. 1, 22, 41. Plaintiff's claim is now pending against three Defendants—Defendant Toombs County Sherriff's Office, Defendant Ron Bivins, and Defendant Robyn Banks.[1]   Doc. 47.

In the July 24, 2019 consolidation Order, Chief Judge Hall directed the Clerk of Court to close Case Number 6:18-cv-93 and Case Number 6:18-cv-133 and to file all pleadings in both Case Number 6:18-cv-93 and Case Number 6:18-cv-133 on the docket of Case Number 6:18-cv-92.   Id.   Plaintiff brought all cases now consolidated in this action while incarcerated.   Plaintiff also filed motions requesting to proceed *in forma pauperis* in all three cases.   Doc. 5; Docs. 23, 36; Doc. 43.   The Court granted Plaintiff's motion in Case No. 6:18-cv-93.   Doc. 36.   In the consolidation Order, Judge Hall denied as moot Plaintiff's remaining motions to proceed *in*

---

[1]      Plaintiff named a single Defendant (the Toombs County Sheriff's Office) in his initial Complaint in Case Number 6:18-cv-92 and two Defendants (the Toombs County Sheriff's Office and Robyn Banks) in Case Number 6:18-cv-93.   Docs. 1, 22.   In Case Number 6:18-cv-113, Plaintiff also named two Defendants—Deputy Ron Bivins and Lieutenant Robyn Banks—both of whom appear to be employees of the Toombs County Sheriff's Office.   Doc. 41.   In the consolidation Order, Judge Hall directed the Clerk to add Banks and Bivins as Defendants in Case Number 6:18-cv-92.   Doc. 47.

*forma pauperis* and stated that Plaintiff "shall continue to proceed *in forma pauperis* in this consolidated action."   Doc. 47.

The Court finds it helpful to set out the status of the current docket in Case Number 6:18-cv-92.   The first 21 filings, docs. 1–21, are all original pleadings from Case Number 6:18-cv-92. Document 22 to Document 40 are the pleadings originally submitted in Case Number 6:18-cv-93.   Docs. 22–40.   Finally, the pleadings initially submitted in Case Number 6:18-cv-133 are docketed as Documents 41 through 46.   Docs. 41–46.

## II.   Plaintiff's Three Actions

### A.   Case Number 6:18-cv-92

Plaintiff originally filed what is now Case Number 6:18-cv-92 on July 20, 2018 in the Middle District of Georgia.   Doc. 1 at 1.   On September 7, 2018, the Middle District determined venue was proper in this District and transferred the action accordingly.   Docs. 7, 8, 9.   In his original Complaint (consisting of two pages and eight pages of attachments), Plaintiff alleges that one Defendant—the Toombs County Sherriff's Office—violated the "oath of office" and infringed upon Plaintiff's Fifth, Sixth, Eighth, and Fourteenth Amendment rights.   Doc. 1 at 1.   In his Complaint, Plaintiff refers to Warrant Number 07-17-17-15 S and Warrant Number 07-06-17-2R.   Id.   Warrant Number 07-17-17-15 S and Warrant Number 07-06-17-2R seem to refer to case numbers for unindicted criminal charges pending against Plaintiff in Toombs County Superior Court.   See Doc. 1-3 at 1.

### B.   Case Number 6:18-cv-93

On August 15, 2018, Plaintiff initiated Case Number 6:18-cv-93 by filing a one-page Complaint which named the Toombs County Sheriff's Office and Lieutenant Robyn Banks as Defendants.   Doc. 22.   In that Complaint, Plaintiff writes that he is "raising a civil rights

violation" against the Toombs County Sheriff's Office and Lieutenant Robyn Banks.   Id.   He

claims that Defendant Banks "violat[ed] her oath of office by racially profiling [him]",

committing a hate crime against him.   Id.   Additionally, he writes that Defendant Banks

"should have known [he] followed the proper guidelines and [procedures]" when he "signed the

sex offender registry" on March 22, 2016.   Id.

> ### C.   Case Number 6:18-cv-113

Plaintiff filed his Complaint in Case Number 6:18-cv-113 on December 21, 2018 against

Defendants Ron Bivins and Robyn Banks.   Doc. 41.   His Complaint consists of 27 pages, with

22 pages of attachments.   Doc. 41.   He claims that he brought his action under 18 U.S.C.

§§ 241 and 242, which are the criminal equivalent of 42 U.S.C. § 1983.[2]   Id. at 1.   He also

writes that he is "being denied or cannot enforce his equal rights under any statute or laws . . .

providing . . . equal rights or equal protection" due to alleged racial discrimination by "all

white[] officials" who "played a role" in Plaintiff's arrest.   Id. at 5.

Plaintiff alleged Defendant Bivins, a deputy, falsely arrested him on December 29, 2016.

Doc. 41 at 3.   Plaintiff claims his arrest occurred because Defendant Bivins "swore under oath"

that Plaintiff failed to register as a sex offender as required under O.C.G.A. § 42-1-17.   Id.

---

[2]      Section 1983 provides a civil remedy for civil rights violations.   42 U.S.C. § 1983.   Sections 241
and 242 "pertain to criminal law and do not provide a civil cause of action or any civil remedies."
Thibeaux v. U.S. Atty. Gen., 275 F. App'x 889, 893 (11th Cir. 2008); Stoll v. Martin, No. 3:06-cv-180,
2006 WL 2024387, at *2 (N.D. Fla. July 17, 2006).   However, "allegations in a pro se complaint are to
be held to less stringent standards than are pleadings drafted by an attorney," and "all pleadings are to be
construed to do substantial justice."   Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986); see also
Smitherman v. Decatur Plastics Prod. Inc, 735 F. App'x 692 (11th Cir. 2018); Torres v. Miami-Dade
County, 734 F. App'x 688, 691 (11th Cir. 2018).   In accordance with this principle, the Court finds
Plaintiff intended to bring a cause of action under § 1983.   See Brooks v. Blue Cross & Blue Shield, Inc.,
116 F.3d 1364 (11th Cir. 1997) ("A complaint may not be dismissed because the plaintiff's claims do not
support the legal theory he relies upon since the court must determine if the allegations provide for relief
on any possible theory.").

Plaintiff also claims Defendant Banks, a lieutenant, knew he signed the sex offender registry form because the form contained both Plaintiff and Defendant Banks's signatures.  Id.  Plaintiff alleges that Defendant Banks "made false statements" in an affidavit for Plaintiff's arrest and ignored a court order which required Plaintiff live at 211 Everett Street in Vidalia, Georgia.  Id.

## III.    The Motions Currently Before the Court

At the time of the consolidation, several motions were pending in Case Number 6:18-cv-92 and Case Number 6:18-cv-93 and remain pending post-consolidation.[3]  Six outstanding motions remain from the original Case Number 6:18-cv-92, five filed by Plaintiff, docs. 10, 12, 17, 18, 20, and one Motion to Dismiss filed by Defendant Toombs County Sheriff's Office who specially appeared, doc. 13.  The pleadings submitted by Plaintiff are: (1) a Motion for Default Judgment, doc. 10; (2) a Motion for Judgment on the Pleadings, doc. 12; (3) a Motion to Amend, doc. 17; and (4) two Motions to Supplement, docs. 18, 20.

Similarly, five motions originally filed in Case Number 6:18-cv-93 are pending before the Court.  Defendant Toombs County Sheriff's Office filed a Motion to Dismiss by Special Appearance.  Doc. 32.  Plaintiff filed: (1) a Motion for Summary Judgment, doc. 30; (2) a Motion to Compel, doc. 31; (3) a Motion to Amend, doc. 34; and (4) a Motion for Leave of Court to Start Discovery, doc. 35.  In this Order, the Court addresses all motions that have been filed in the three actions and that remain pending.

Importantly, Plaintiff is proceeding pro se and *in forma pauperis*.  When evaluating this action, the Court is mindful of the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d

---

[3]    No motions from Case Number 6:18-cv-133 are currently pending before the Court.

1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys. . . ." (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))).   However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.   McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

I.    **Plaintiff's Motions to Amend or Supplement, docs. 17, 18, 20, 34**

For the reasons set forth below, the Court **GRANTS** Plaintiff's Motions to Supplement, docs. 18, 20, and Plaintiff's May 10, 2019 Motion to Amend, doc. 34.[4]   The Court **DENIES** Plaintiff's February 7, 2019 Motion to Amend, doc. 17.

On December 17, 2018, Defendant Toombs County Sheriff's Office specially appeared and filed a Motion to Dismiss in both Case Number 6:18-cv-92 and Case Number 6:18-cv-93. Docs. 13, 32.   Plaintiff first moved to amend in Case Number 6:18-cv-92 on February 7, 2019 and in Case Number 6:18-cv-93 on May 10, 2019.   Plaintiff did not move to amend or supplement within 21 days after service of either Motion to Dismiss.   Thus, at the time Plaintiff filed his Motions to Amend or Supplement, docs. 17, 18, 20, 34, Plaintiff lacked the right to amend as a matter of course.   Fed. R. Civ. P 15(a)(1); Toenniges v. Ga. Dep't of Corr., 502 F. App'x 888, 889 (11th Cir. 2012) ("A plaintiff has a right to amend a complaint once as a matter

---

[4]    Plaintiff captioned two of these filings as Supplemental Notices, not motions.   Docs. 18, 20. "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."   Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis."   Id. (quoting Castro, 540 U.S. at 381–82).   In accordance with this principle, the Court construes both Supplemental Notices as Motions to Supplement.

of course so long as no responsive pleading has been filed."); <u>Hay v. Bank of Am.</u>, No. 1:12-cv-01596, 2013 WL 1339729, at *2 (N.D. Ga. Mar. 29, 2013) (striking plaintiff's amended complaint filed 41 days after a motion to dismiss because the plaintiff filed the amendment as a matter of course but was required to seek leave of court to amend under Rule 15(a)(2)). Consequently, the Court possesses the discretion to grant or deny Plaintiff's Motions.

First, the Court **DENIES** Plaintiff's February 7, 2019 Motion to Amend, doc. 17.   In that Motion, Plaintiff attempts to add eight additional Defendants.   Doc. 17.   However, Plaintiff fails to make specific factual allegations against the eight proposed additional Defendants anywhere in any action now consolidated.   Because it does not appear that the eight Defendants were involved in the alleged violations for which Plaintiff seeks relief, the February 7, 2019 Motion to Amend is futile.   <u>See</u> <u>Johnson v. Boyd</u>, 701 F. App'x 841, 843 (11th Cir. 2017) (observing that the district court need not grant a 15(a)(2) motion to amend when the amendment would be futile (quoting <u>Corsello v. Lincare, Inc.</u>, 428 F.3d 1008, 1014 (11th Cir. 2005))).

The Court **GRANTS** Plaintiff's two Motions to Supplement, docs. 18, 20.   Similarly, the Court **GRANTS** Plaintiff's May 10, 2019 Motion to Amend, doc. 34.   However, the Court notes that "an amended complaint [must] be filed after leave to amend is granted, unless the court specifically rules otherwise by including in its order language to the effect that the complaint is deemed amended."   <u>Carter v. Church</u>, 791 F. Supp. 297, 298 (M.D. Ga. 1992); <u>Gulf Coast Recycling, Inc. v. Johnson Controls, Inc.</u>, No. 8:07-cv-2143, 2008 WL 434880, at *1 (M.D. Fla. Feb. 14, 2008) ("[A]n amended complaint completely supersedes the original complaint, and once a complaint is amended, the only issues before the Court are the ones raised in the text of the amended complaint."); <u>Senat v. McLaughlin</u>, No. 1:06-cv-0004, 2007 WL 9701666, at *5 (N.D. Ga. Feb. 20, 2007) (finding plaintiff's amended complaint "is not a part of the case" when

plaintiff "never actually filed any amended complaint" after the court granted leave to amend). The Court declines to exercise its discretion to deem Plaintiff's amendments effective as of the issuance of this Order.   Rather, as discussed more in Section IV below, the Court requires Plaintiff to file one, superseding Amended Complaint.

## II.   Defendant's Motion to Dismiss by Special Appearance, docs. 13, 32

On December 17, 2018, Defendant Toombs County Sheriff's Office, by special appearance, moved to dismiss Plaintiff's Complaints in both Case Number 6:18-cv-92 and Case Number 6:18-cv-93.   In its briefing, Defendant requests dismissal on Eleventh Amendment immunity grounds and under Rules 12(b)(6), (b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure.   Docs. 13-1, 32-1.

As an initial matter, the Court notes that Plaintiff is proceeding *in forma pauperis*.   Doc. 47 at 4.   The Prison Litigation Reform Act ("PLRA") requires the Court review actions filed by prisoners proceeding *in forma pauperis* to determine if the complaint states any non-frivolous claims.   28 U.S.C. §§ 1915(e)(2), 1915(A); 42 U.S.C. § 1997e(c)(1).   Because Plaintiff is proceeding *in forma pauperis*, the Court is responsible for issuing and serving process. § 1915(d).   The Court will direct service, if it is warranted, after reviewing Plaintiff's Complaint, as required by statute.   28 U.S.C. § 1915(d); Richardson v. Johnson, 598 F.3d 734, 739 (11th Cir. 2010); Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286–87 (11th Cir. 2009); see also Fed. R. Civ. P. 4(m) (requiring the court order service of process "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . .").   Defendant Toombs County Sheriff's Office, specially appearing, has moved to dismiss Plaintiff's Complaint before the Court has conducted its requisite review of Plaintiff's Complaint to determine whether to

order service.[5]   Docs. 13, 32.   As the Court—not Plaintiff—is responsible for effectuating service in this action, Defendant's Motions to Dismiss under 12(b)(4) and 12(b)(5) should be denied.

Notably, the Complaint originally filed in Case Number 6:18-cv-133 contains more detail regarding Plaintiff's allegations than is found in Plaintiff's two previous filings.[6]   Compare Doc. 41, with Docs. 1, 22.   Additionally, the Court has allowed Plaintiff to amend and supplement his Complaint.   Docs. 18, 20, 34.   Consequently, Defendant's arguments for dismissal under Rule 12(b)(6) no longer respond to Plaintiff's more recent pleadings.   There are substantial differences between Plaintiff's initial Complaint and Plaintiff's May 10, 2019 Motion to Amend, doc. 34, and these differences impact Defendant's arguments.   For example, Defendant argues that Plaintiff's Complaint should be dismissed because "[t]he Complaint consists of only a few un-numbered sentences and/or sentence fragments."   Doc. 11-1 at 3.   While this is true of two of Plaintiff's Complaints, docs. 1, 22, considerably more factual allegations can be found within Plaintiff's 27-page Complaint, doc. 41, and his six-page Amended Complaint, doc. 34.[7]   See Adams v. Mortg. Elec. Registration Sys. Inc., No. 1:11-CV-04263, 2012 WL 1319453, at *8 (N.D. Ga. Apr. 16, 2012) (denying a motion to dismiss by special appearance when the court

---

[5]   Some district courts have considered it error to rule on a substantive motion brought by a defendant who is specially appearing and who has not been served because the Court lacks jurisdiction over that defendant.   Morgan v. Yarbrough, No. 7:07-cv-45, 2008 WL 1932079, at *1 (M.D. Ga. Apr. 30, 2008).   However, this is not a concern for courts evaluating claims under § 1915(e)(2) and § 1915A because these statutes "authorize dismissal before service and, therefore, provide a court with jurisdiction to decide substantive issues before service of process is complete."   Id. & at n.3.

[6]   The Court chose to exercise its discretion to consolidate the three actions despite the differing level of detail because the three actions concerned the same factual allegations.

[7]   Plaintiff filed a two-page Complaint in Case Number 6:18-cv-92 and a one-page Complaint in Case Number 6:18-cv-93.   Docs. 1, 22.   Defendant Toombs County Sheriff's Office filed their two Motions to Dismiss in Case Number 6:18-cv-92 and 6:18-cv-93 before Plaintiff moved to amend.   Docs. 13, 17, 18, 20, 32, 34.   No Defendant filed a Motion to Dismiss in Case Number 6:18-cv-133.

granted the plaintiff leave to amend).   Finally, as discussed below in Section IV, to eliminate confusion created by the multiple Complaints, amendments, and pleadings in this consolidated action and to ensure the Court properly effectuates Plaintiff's intent, the Court is requiring Plaintiff to amend his Complaint.

When a party's motion to dismiss is no longer targeted toward the relevant pleading, the court may deny that motion without prejudice.   Renal Treatment Centers-Mid Atlantic, Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC, Case No. 608cv087, 2009 WL 995564 (S.D. Ga. April 13, 2009).   Accordingly, I **RECOMMEND** the Court **DENY without prejudice** Defendant Toombs County Sheriff's Office's Motions to Dismiss, doc. 13, 32.[8]

### III.    Remaining Pending Motions

Plaintiff's three dispositive motions (Motion for Default Judgment, doc. 10; Motion for Judgment on the Pleadings, doc. 12; and Motion for Summary Judgement, doc. 30) and his two discovery-related motions (Motion to Compel, doc. 31; and Motion for Leave of Court to Start Discovery, doc. 35) all remain pending before the Court.   I **RECOMMEND** the Court **DENY as premature** three of these Motions, docs. 10, 12, 30.   I **DENY** Plaintiff's remaining two Motions.   Docs. 31, 35.

All three of Plaintiff's dispositive Motions should be dismissed.   Docs. 10, 12, 30. First, the Court lacks personal jurisdiction over Defendants until service is effectuated and, thus, lacks the authority to issue a binding judgment against them.   See Hall v. Deutsche Bank Nat'l Tr. Co., No. 1:11-cv-02524, 2012 WL 13009212, at *2 (N.D. Ga. Feb. 17, 2012) ("Without proper service of process, a district court lacks personal jurisdiction over a defendant.").   Next, a

---

[8]    Defendants may renew any applicable arguments after Plaintiff submits his new Amended Complaint in compliance with this Order.   Defendants are not required to do so and may wait to respond until after the Court performs its requisite frivolity review and determines whether to order service or dismiss the action.

default judgment is not warranted because, as Defendants have not been served, it is impossible that Defendants "failed to plead or otherwise defend" themselves.   Doc. 10; Fed. R. Civ. P. 12(a)(1); Fed. R. Civ. P. 55(a).   Because the pleadings have not closed, Plaintiff's Motion for Judgment on the Pleadings, doc. 12, is also premature.   Fed. R. Civ. P. 12(c) (noting parties may move for judgment on the pleadings "[a]fter the pleadings are closed").   Finally, though Rule 56(a) permits parties to file summary judgment motions "at any time until 30 days after the close of discovery," it is premature to move for summary judgment before service is perfected and before discovery even begins.   Fed. R. Civ. P. 56(a).   I, therefore, **RECOMMEND** the Court **DENY as premature** Plaintiff's Motion for Default Judgment, doc. 10, Motion for Judgment on the Pleadings, doc. 12, and Motion for Summary Judgment, doc. 30.

Turning to Plaintiff's discovery-related Motions, the Court **DENIES** Plaintiff's Motion to Compel, doc. 31, and his Motion for Leave of Court to Start Discovery, doc. 35.   First, the Court is mindful of its duty to review complaints filed by prisoners against government entities, officers, or employees "as soon as practicable" to "identify cognizable claims" or to dismiss the action.   § 1915A.   Thus, the Court will not allow Plaintiff to begin discovery before reviewing the action and determining if service is warranted.   See, e.g., Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.").   As discovery has yet to begin, there is no basis to grant Plaintiff's Motion to Compel, doc. 31.   Fed. R. Civ. P. 37(a)(3).   Accordingly, the Court **DENIES** Plaintiff's Motion to Compel, doc. 31, and his Motion for Leave of Court to Start Discovery, doc. 35.

## IV.     Order to Amend

The Court **ORDERS** Plaintiff to file an Amended Complaint on the Court's standard form within **14 days** of this Order.   **The Court advises Plaintiff to read this section carefully and to strictly conform to the requirements herein.**

When reviewing a complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure.   See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).   Notably, Rule 10 of the Federal Rules of Civil Procedure requires parties to state their claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and bring "each claim founded on a separate transaction or occurrence" in a separately numbered count.   Fed. R. Civ. P. 10.   Rules 8 and 10 are "supposed to work in tandem 'to require the pleader to present his claims discretely and succinctly, so that (1) his adversary can discern what he is claiming and frame a responsive pleading, and (2) the court can determine which facts support which claims, and whether the plaintiff has stated any claims upon which relief can be granted.'"   Fotse v. LendingHome Funding Corp., No. 1:18-cv-03181, 2018 WL 7019359, at *3 (N.D. Ga. Sept. 11, 2018) (quoting Fikes v. City of Daphne, 79 F.3d 1079, 1082–83 (11th Cir. 1996)).   A district court is not required to "sift through the facts presented and decide for itself which were material to the particular cause of action asserted."   Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quoting Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.9 (11th Cir. 2002)).

As this Order undoubtedly reflects, the procedural history of this case is somewhat convoluted.   The record contains Plaintiff's three actions that have been consolidated into one, and Plaintiff's factual allegations are scattered throughout his Complaints, Amended Complaints, Motions, and various other responsive pleadings.   See Little v. Groome Transp. of Georgia, Inc., No. 1:07-CV-0455, 2008 WL 4280362, at *3 (N.D. Ga. Sept. 15, 2008) ("The law generally favors the consideration of all potential claims under one complaint.").   Additionally, it is unclear which claims Plaintiff asserts against the various Defendants.   For example, in his May 10, 2019 Amended Complaint, Plaintiff names "John Doe" Defendants who are not included elsewhere in his pleadings.   The Court finds that requiring Plaintiff to file an Amended Complaint is the best method of determining the operative facts and claims going forward.[9]

Importantly, an amended complaint generally "supersedes the former pleading," meaning that "the original pleading is abandoned by the amendment[] and is no longer a part of the pleader's averments against his adversary."   Gross v. White, 340 F. App'x 527, 534 (11th Cir. 2009) (quoting Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006)); Schreane v. Middlebrooks, 522 F. App'x 845, 847 (11th Cir. 2013).   In other words, "specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint."   Gross, 340 F. App'x at 534.   Plaintiff is to ensure he is raising in his Amended Complaint all of the claims that he wishes to bring against Defendants, as well as all relevant factual allegations, "because later attempts to raise additional claims are reviewed under a different set, and more restrictive, rules."   Fotse, 2018 WL 7019359, at *4.   **In sum, Plaintiff must clearly identify all claims and Defendants he**

---

[9]     The Court also notes that Plaintiff did not use the Court's standard form for pro se § 1983 actions when filing any of the three actions.   That form contains questions seeking information relevant to the Court when performing its requisite frivolity review, and requiring its use is helpful to the Court.

**intends to pursue in his Amended Complaint, and he must include all factual allegations**

**supporting his claims in his Amended Complaint.**

The Court **ORDERS** Plaintiff to file a Second Amended Complaint within **14 days** from the date of this Order.   The Court further **DIRECTS** Plaintiff to:

(1)     draft his Amended Complaint on the complaint form provided by the Clerk of Court;

(2)     clearly caption it as an Amended Complaint and place the civil action number of this case on the first page of the form;

(3)     name all Defendants on the front page of the complaint form in the upper left section above the word "Defendants(s)," and again in section I(B) of the complaint form;

(4)     write legibly and only on one side of each page;

(5)     double space all writing on attached pages, meaning, leave one line fully blank between each line containing words;

(6)     provide a brief factual background section with facts relevant to all claims, presented in logical order (which may or may not be chronological) in individually numbered paragraphs;

(7)     allege each cause of action under a separate count, and underneath each count, in separately numbered paragraphs, provide the relevant facts, including dates and the exact nature of the alleged actions or misrepresentations, that he believes entitle him to relief;

(8)     provide only factual allegations concerning events where the rights of Plaintiff himself were violated or Plaintiff himself was injured, including the date and location of each alleged violation;

(9)     omit all legal argument or conclusions;

(10)    only assert claims that arose from the same transaction or occurrence or series of related transactions or occurrences;

(11)    clearly identify each Defendant responsible for each alleged violation; and

(12)    attach no more than 15 pages to the Amended Complaint, including any handwritten supplements and documents he believes are relevant to his claims

which he attached to previous pleadings.

The Court **DIRECTS** the Clerk of Court to forward the appropriate 42 U.S.C. § 1983 complaint form to Plaintiff, together with a copy of this Order, a copy of the docket in this action, and a copy of Plaintiff's Complaints, as amended, docs. 1, 18, 20, 22, 34, 41.

## CONCLUSION

For the above-stated reasons, the Court **DEFERS** frivolity review on Plaintiff's Complaint and **ORDERS** Plaintiff to file an Amended Complaint within **14 days** of the date of this Order.

The Court **GRANTS** Plaintiff's Motions to Supplement, docs. 18, 20, and his May 10, 2019 Motion to Amend, doc. 34, but **DENIES** his February 7, 2019 Motion to Amend, doc. 17. The Court **DENIES** Plaintiff's Motion to Compel, doc. 31, and Motion for Leave of Court to Start Discovery, doc. 35.   The undersigned also **RECOMMENDS** the Court **DENY as premature** Plaintiff's Motion for Default Judgment, doc. 10, Motion for Judgment on the Pleadings, doc. 12, and Motion for Summary Judgment, doc. 30; and **DENY without prejudice** Defendant Toombs County Sheriff's Office's Motions to Dismiss, docs. 13, 32.   Should Plaintiff fail to abide by the directives and instructions herein, the Court may dismiss this case for failure to prosecute and failure to follow the Court's Order.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.   Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.   Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).   A copy of the objections

must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.   Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.   Appeals may be made only from a final judgment entered by or at the direction of a District Judge.   The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of August, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA