IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By casbell at 1:56 pm, Mar 03, 2020*

| | |
|---|---|
| KENNETH CLAY, | |
| Plaintiff, | CIVIL ACTION NO.: 6:18-cv-92 |
| v. | |
| TOOMBS COUNTY SHERIFF'S OFFICE; ROBYN BANKS; JAMES RON BIVINS; and DOUG MAYBIN, | |
| Defendants. | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's case asserting constitutional violations under 42 U.S.C. § 1983.  On January 31, 2020, the undersigned issued an Order, doc. 80, and a Report and Recommendation, doc. 81, addressing Plaintiff's claims and pending motions.  The undersigned hereby **VACATES** the January 31, 2020 Order and Report and Recommendation, docs. 80, 81, and enters this Order and Report and Recommendation in their place.

As a preliminary matter, I **GRANT** Plaintiff's two pending Motions to Amend.  Docs. 56, 59.  The Court will now address Plaintiff's other pending Motions and conduct anew a frivolity screening under 28 U.S.C. § 1915A.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against the Toombs County Sheriff's Office and Doug Maybin and **DISMISS without prejudice** Plaintiff's claims for injunctive relief.  Additionally, I **RECOMMEND** Plaintiff's claims for monetary damages be **STAYED** pending the resolution of the parallel state court proceedings.  Further, the Court **ORDERS** the parties to notify the Court within 30 days of the disposition of the criminal case.  The Court **DENIES as premature**

Plaintiff's Motions for Evidentiary Hearing, Motions for Order to Compel Discovery, and Motion for Default Judgment. Docs. 61, 63, 64, 72, 75. I also **RECOMMEND** the Court **DENY as premature** Plaintiff's Motion for Summary Judgment. Doc. 67. The Court **DENIES** Plaintiff's Motion to Appoint Counsel and Motion for Copies and to Have Correspondence Forwarded. Docs. 62, 77. Finally, the Court **DIRECTS** the United States Marshal to serve a copy of Plaintiff's Complaints, docs. 52, 56, 59, 71, and a copy of this Order on Defendants Robyn Banks and James Ron Bivins without prepayment of cost.

### PLAINTIFF'S COMPLAINTS AND MOTIONS TO AMEND

Before conducting frivolity screening under 28 U.S.C. § 1915A, the Court must resolve Plaintiff's two Motions to Amend, docs. 56, 59, and clarify which documents are being considered in screening Plaintiff's claims. For that, a description of the case's procedural history is helpful. Plaintiff filed three separate complaints, all asserting related claims, which initiated three separate civil actions. Recognizing the relatedness of Plaintiff's claims, the Court consolidated two of the civil actions into this, the third, case. Doc. 47. In order to avoid any ambiguity created by the consolidation of Plaintiff's three lawsuits, the Court ordered Plaintiff to submit an amended complaint to serve as the superseding operative complaint. Doc. 50 at 12. Plaintiff has now submitted an Amended Complaint, doc. 52, which the Court will treat as superseding and operative in this case. Since filing his Amended Complaint, Plaintiff has filed several other Motions which are now pending before the Court. Docs. 56, 59, 61, 62, 63, 64, 67, 71, 72, 75, 77. Among those Motions, Plaintiff filed two Motions to Amend, docs. 56, 59, and an additional Amended Complaint, doc. 71. In his Motions to Amend, Plaintiff submits many of the same arguments and exhibits contained in Complaints filed prior to the ordered superseding Complaint. Docs. 56, 59. In one Motion, Plaintiff seeks to introduce a response from the

Georgia Bureau of Investigation to an open records request to suggest he was wrongfully convicted. Doc. 56. In the other, Plaintiff cites several cases for the proposition that Toombs and Montgomery counties lack "immunity of laws." Doc. 59. Also attached to this pleading are multiple, previously-submitted exhibits. Docs. 59-1, 59-2, 59-3, 59-4, 59-5. The most recent Amended Complaint contains the same claims and arguments made in previous Complaints. Doc. 71. Plaintiff's Complaints have not yet been served on any Defendants, and none of the Defendants have filed any responsive pleading which would join them to the case; thus, Plaintiff may still amend as a matter of right. Fed. R. Civ. P. 15(a); Oliver v. Fuhrman, 695 F. App'x 436, 439 (11th Cir. 2017) (citing Brown v. Johnson, 387 F.3d 1344, 1348–49 (11th Cir. 2004)). Accordingly, the Court **GRANTS** Plaintiff's Motions to Amend, docs. 56, 59. The Court will consider the allegations included in these Motions to Amend, docs. 56, 59, and Plaintiff's Amended Complaints, docs. 52, 71, in conducting the requisite frivolity review. The Court refers to these documents collectively as Plaintiff's "Amended Complaint" in this Order and Report and cites to the specific filing where appropriate.

Additionally, Plaintiff lists Doug Maybin as a Defendant in the title of one of his Motions to Amend. Doc. 59 at 1. Although I recommend the Court dismiss the claims against Defendant Maybin, the docket should accurately reflect claims as being brought against Doug Maybin. Accordingly, the Court **DIRECTS** the Clerk of Court to add Doug Maybin as a Defendant upon the record and docket of this case.

### PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff's claims arise from his arrest for failure to register as a sex offender under O.C.G.A. § 42-1-17. Doc. 71 at 3. Plaintiff alleges he did, in fact, comply with the requirements of the sex offender registry and that the Toombs County Sheriff's Office (and employees Banks and Bivins) violated his constitutional rights by making false statements in his arrest warrant. Id.

at 2–7.  Plaintiff further alleges his arrest was in violation of a court order that required him to live at 211 Everett Street in Vidalia, Georgia.  Id. at 11.  Plaintiff alleges he complied with the requirements of the Georgia sex offender registry.  Plaintiff submitted documents indicating the criminal prosecution for failure to register was still ongoing well after he filed suit, doc. 59-2, and there is nothing before the Court indicating it has been resolved.

Plaintiff brings claims against the Toombs County Sheriff's Office, as well as Ron Bivins and Robyn Banks in their individual capacities.  Doc. 52 at 2–3.  Plaintiff alleges these Defendants violated his constitutional rights by making false statements in his arrest warrant.  Doc. 71 at 7–11.  Plaintiff seeks compensatory damages from each Defendant and unspecified equitable relief.  Id. at 5.

## STANDARD OF REVIEW

Plaintiff brings this action *in forma pauperis*.  Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or if it fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  Additionally, under 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity.  Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleadings contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v.

5

Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . ." (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Plaintiff's Claims Against the Toombs County Sheriff's Office and Doug Maybin

Plaintiff brings claims against the Toombs County Sheriff's Office.  Doc. 1 at 1.  To state a claim for relief under § 1983, a plaintiff must satisfy two elements.  First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States."  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law."  Id.  While local governments qualify as "persons" under § 1983, sheriff's departments are not usually considered legal entities subject to suit.  Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (citing Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992)).  Consequently, the Toombs County Sheriff's Office is not a viable defendant in Plaintiff's § 1983 action.  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against the Toombs County Sheriff's Office.

Additionally, Plaintiff lists Doug Maybin as a Defendant in the title of one of his Motions to Amend.  Doc. 59 at 1.  As noted, to state a claim for relief under § 1983, a plaintiff must allege that some act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States.  Richardson v. Johnson, 598 F.3d 734, 737 (11th

6

Cir. 2010). Plaintiff does not make any factual allegations related to Doug Maybin in any pleading and cannot sustain a cause of action against Maybin. Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Doug Maybin.

## II.   Plaintiff's Claims for Injunctive Relief

Plaintiff asserts § 1983 claims based on purportedly false statements made by law enforcement officers which are being used against him in an ongoing state criminal prosecution. The United States Supreme Court held in Younger v. Harris, 401 U.S. 37, 53–54 (1971), that federal courts must abstain from interfering with pending state criminal proceedings absent a showing of: (1) evidence of bad faith prosecution; (2) irreparable injury if abstention is exercised by the federal court; or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. See Samuels v. Mackell, 401 U.S. 66, 69 (1971); Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1263 (11th Cir. 2004) (citing Younger, 401 U.S. at 45, 53–54).

Plaintiff's claims trigger Younger-abstention. Plaintiff asserts that Defendants' false statements caused his arrest and prosecution in a pending state criminal proceeding. Any adjudication of Plaintiff's claims in this Court would interfere with the ongoing state proceeding. Moreover, Plaintiff's allegations do not support any of the recognized exceptions to Younger-abstention. Plaintiff's allegations do not suggest that Plaintiff's prosecution is motivated by bad faith. See Trainor v. Hernandez, 431 U.S. 434, 447 (1977); Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief

against pending state prosecutions appropriate."). Likewise, Plaintiff's allegations do not suggest the "irreparable injury" exception applies. See Younger, 401 U.S. at 53–54 (holding irreparable injury exists where the statute under which a defendant is prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief (citing Watson v. Buck, 313 U.S. 387, 402 (1941))); Kugler v. Helfant, 421 U.S. 117, 123–25 (1975) (holding irreparable injury does not include injury incidental to every prosecution brought lawfully and in good faith (citing Younger, 401 U.S. at 46)). Moreover, there is no indication Plaintiff lacks an adequate state forum in which to raise his claims. Thus, Plaintiff may raise his constitutional claims in his state criminal proceedings. Accordingly, the Younger-abstention doctrine requires this Court to abstain from interfering in Plaintiff's state criminal proceeding, and, consequently, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims for injunctive relief.

### III.     Plaintiff's Claims for Monetary Damages

Plaintiff essentially asserts he was illegally arrested and is being illegally confined by the State of Georgia, all based on Defendants' purportedly false statements. It appears from the record, and the Court has no indication to the contrary, the state criminal proceedings against Plaintiff are ongoing.

Federal courts should abstain from claims for injunctive relief, as well as claims from declaratory judgment, that would effectively enjoin state proceedings. Watson v. Fla. Judicial Qualifications Comm'n, 618 F. App'x 487, 491 (11th Cir. 2015) (citing Old Republic Union Ins. Co. v. Tillis Trucking Co., 124 F.3d 1258, 1261 (11th Cir. 1997)); Younger, 401 U.S. at 53–54. However, claims for monetary relief brought in federal court that cannot be redressed in the

parallel state court proceeding should be stayed rather than dismissed.  Tribble v. Tew, 653 F. App'x 666, 667 (11th Cir. 2016) (citing Deakins v. Monaghan, 484 U.S. 193, 202 (1988)).  Thus, the Court **RECOMMENDS** Plaintiff's claims for monetary damages be **STAYED** pending the resolution of the parallel state court proceedings.

## IV.     Remaining Pending Motions

Several other Motions remain pending before the Court: (1) two Motions requesting an evidentiary hearing, docs. 61, 72; (2) Motion to Appoint Counsel, doc. 62; (3) two Motions seeking orders to compel discovery, docs. 63, 64; (4) Motion for Summary Judgment, doc. 67; (5) Motion for Default Judgment, doc. 75; and (6) Motion for Copies and to Have Correspondence Forwarded, doc. 77.

### A.     Plaintiff's Motions for Evidentiary Hearing, Motions for Order to Compel Discovery, Motion for Default Judgment, and Motion for Summary Judgment

The Court is only now conducting the requisite frivolity review, and no Defendant has yet been served, nor has discovery begun.  The Court lacks personal jurisdiction over the Defendants until service is effectuated and, thus, lacks the authority to issue a binding judgment against them.  See Hall v. Deutsche Bank Nat'l Tr. Co., No. 1:11-cv-02524, 2012 WL 13009212, at *2 (N.D. Ga. Feb. 17, 2012) ("Without proper service of process, a district court lacks personal jurisdiction over a defendant.").  Next, a default judgment is not warranted because, as Defendants have not been served, it is impossible that Defendants "failed to plead or otherwise defend" themselves.  Doc. 10; Fed. R. Civ. P. 12(a)(1); Fed. R. Civ. P. 55(a).  Accordingly, the Court **DENIES as premature** Plaintiff's Motions for Evidentiary Hearing, Motions for Order to Compel Discovery, and Motion for Default Judgment.  Docs. 61, 63, 64, 72, 75.

Although Rule 56(a) permits parties to file summary judgment motions "at any time until 30 days after the close of discovery," it is premature to move for summary judgment before service is perfected and before discovery even begins. Fed. R. Civ. P. 56(a). Accordingly, I **RECOMMEND** the Court **DENY as premature** Plaintiff's Motion for Summary Judgment. Doc. 67.

### B.   Plaintiff's Motion for Copies and to Have Correspondence Forwarded

Plaintiff has also filed a Motion for Copies and to Have Correspondence Forwarded. Doc. 77. First, Plaintiff requests the Court send him a copy of Documents 46 and 47. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard 50 cents ($0.50) per page. If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the above-mentioned rate of 50 cents per page. Next, Plaintiff asks the Court to release him from the custody of the Toombs County Sheriff's Office. However, Plaintiff has filed a constitutional claim under 42 U.S.C. § 1983; thus, he is proscribed from obtaining habeas relief in this cause of action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Where the relief an inmate seeks is "determination of entitlement to immediate release or speedier release from such imprisonment, his sole federal remedy is writ of habeas corpus." Id. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . the traditional function of the writ is to secure release from illegal custody." Id. at 484. This Court cannot grant Plaintiff's request because his cause of action in one brought under § 1983. Finally, Plaintiff asks that his future correspondence be forwarded to his wife. Doc. 77

10

at 2.  However, Plaintiff is responsible for prosecuting his own case.  Accordingly, the Court **DENIES** Plaintiff's Motion for Copies and to Have Correspondence Forwarded.  Doc. 77.

### C. Plaintiff's Motion to Appoint Counsel

In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)).  "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances."  Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."  Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)).  The Eleventh Circuit Court of Appeals has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help."  McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).  The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel.  While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated."  Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015).  "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C.

§ 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels, 405 F. App'x at 457; Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; Wahl, 773 F.2d at 1174). This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. Accordingly, the Court **DENIES** Plaintiff's Motion to Appoint Counsel. Doc. 62.

## CONCLUSION

The undersigned hereby **VACATES** the January 31, 2020 Order, doc. 80, and Report and Recommendation, doc. 81, and enters this Order and Report and Recommendation in their place.

For the reasons set forth above, I **GRANT** Plaintiff's two pending Motions to Amend. Docs. 56, 59. I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against the Toombs County Sheriff's Office and Doug Maybin and **DISMISS without prejudice** Plaintiff's claims for injunctive relief. Additionally, I **RECOMMEND** Plaintiff's claims for monetary damages be **STAYED** pending the resolution of the parallel state court proceedings. Further, the Court **ORDERS** the parties to notify the Court within 30 days of the disposition of the criminal case. The Court **DENIES as premature** Plaintiff's Motions for Evidentiary Hearing, Motions for Order to Compel Discovery, and Motion for Default Judgment. Docs. 61, 63, 64, 72, 75. I **RECOMMEND** the Court **DENY as premature** Plaintiff's Motion for Summary Judgment. Doc. 67. The Court **DENIES** Plaintiff's Motion to Appoint Counsel and Motion for Copies and to Have Correspondence Forwarded. Docs. 62, 77. The Court **DIRECTS** the United States Marshal to serve a copy of Plaintiff's Complaints, Docs. 52, 56, 59, 71, and a copy of this Order on Defendants Robyn Banks and James Ron Bivins without prepayment of cost.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 Fed. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of March, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA