IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| KENNETH CLAY, | |
| Plaintiff, | CIVIL ACTION NO.: 6:18-cv-92 |
| v. | |
| ROBYN BANKS, et al., | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on various Motions Plaintiff filed. Docs. 102, 103, 114, 115, 117, 118. For the reasons stated below, the Court **DENIES**: Plaintiff's Motion for Emergency Release, doc. 102; Plaintiff's Amendment to the Motion, doc. 103; Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (construed as a request to file out-of-time objections to the undersigned's March 3, 2020 Report and Recommendation), doc. 114; Plaintiff's Motion to Supress, doc. 117; and Plaintiff's Motion to Strike, doc. 118. In addition, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Emergency Relief. Doc. 115.

**I.     Plaintiff's Motion for Emergency Release and Amendment**

Plaintiff filed a Motion seeking emergency release from prison, claiming his life was in danger due to the COVID-19 pandemic. Doc. 102. Plaintiff then filed an "Emergency Amendment Motion for Relief in an Enjunction [sic] of the State of Georgia." Doc. 103. In this document, Plaintiff seeks to supplement his initial Motion and add additional facts concerning the COVID-19 outbreak at Dooly State Prison and Toombs County Jail. Id. Plaintiff has since

filed a notice with this Court indicating he has been released from custody.  Doc. 107.  Thus, the Court **DENIES as moot** this Motion and the Amendment, docs. 102, 103.

II.    **Plaintiff's "'Emergency' Petition for an Extraordinary Remedies and/or Objection to the Magistrate Judge Report and Recommendations . . . and/or the Unlawful Petition for a Stay by the District Court Rather then the Respondents"**

Plaintiff submitted a filing entitled "'Emergency' Petition for an Extraordinary Remedies and/or Objection to the Magistrate Judge Report and Recommendations . . . and/or the Unlawful Petition for a Stay by the District Court Rather then the Respondents."  Doc. 114.  The nature of this filing and Plaintiff's requested relief are unclear.  Plaintiff generally argues the merits of his claims and complains about the undersigned's Report and Recommendation issued on March 3, 2020, doc. 88, and the presiding District Judge's Order adopting that Report and Recommendation, doc. 106.[1]

In my March 3, 2020 Report and Recommendation, I ordered any objections to be filed within 14 days of the Order.  Id.  Plaintiff did file objections on March 31, 2020.  Doc. 100.  The presiding District Judge considered Plaintiff's Objections and overruled them.  Doc. 106.  Plaintiff submitted the instant filing several months after the District Judge overruled Plaintiff's initial objections and adopted the Report and Recommendation.

In light of these facts, the Court construes Plaintiff's instant filing as a Motion to file out-of-time objections to the Court's March 3, 2020 Report and Recommendation.[2]  Doc. 114.

---

[1]    The Report and Recommendation and Order adopting that Recommendation resulted in this matter being stayed pending the outcome of state court criminal proceedings, among other things.

[2]    If Plaintiff intended otherwise, Plaintiff may submit a new motion.  However, Plaintiff is advised to clearly and concisely state the relief requested and the authority upon which that request is made.  The Court notes Plaintiff cited numerous irrelevant and, sometimes nonexistent, sources of law as the basis for his Motion.  Doc. 114 at 2.  For example, Plaintiff cites to "Rule 1.630," which is not found in the Federal Rules of Civil Procedure.  Id.  Plaintiff also cites to the general statute governing Magistrate Judges.  Id.  Plaintiff then cites to "Local Rule 74.2," which does not exist.  Id.  Plaintiff should only cite actual, relevant authority in the future.

Plaintiff already had the opportunity to file objections and did so.  In the instant filing, Plaintiff fails to put forward any reason why he should be permitted to file additional objections at this time.  Therefore, the Court **DENIES** Plaintiff's request to file out-of-time objections, doc. 106.

### III.	Plaintiff's "Peitition for Emergency Relief for the Removal of [Leg Monitor]"

In this Motion, Plaintiff seeks "immediate emergency relief" to have his leg monitor removed.  Doc. 155 at 3.  The four necessary elements for temporary restraining or injunctive relief are: (1) a substantial likelihood of success on the merits; (2) that the relief is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm the relief would cause the other litigant; and (4) that the relief would not be averse to the public interest.  Chavez v. Fla. SP Warden, 742 F.3d 1267, 1271 (11th Cir. 2014); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225 (11th Cir. 2005).  Plaintiff has not made a necessary showing of these elements.  Although Plaintiff generally claims his constitutional rights have been violated, he has not shown he is likely to succeed on the merits of his case or met any of the other required elements, for that matter.  For these reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Motion seeking an injunction.

### IV.	Motion to Supress

Plaintiff has filed a Motion to Supress requesting a chain of custody form.  Doc. 117.  This is a civil case.  A motion to supress is not recognized by the Federal Rules of Civil Procedure.  Thus, the Court **DENIES** Plaintiff's Motion to Supress.

### V.	Motion to Strike

Plaintiff has filed a Motion to Strike, but it is unclear what Plaintiff is asking for in the Motion.  Doc. 118. Federal Rule of Civil Procedure 12(f) states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." However, it does not appear Plaintiff wishes to strike any relevant pleading Defendants submitted in this action. Plaintiff states "defendants attorney's [sic] are unable to show the Document that I am requesting . . . The CFR § 5050 which is fraud upon the Court." Doc. 118 at 1. The Court is unable to identify the regulation to which Plaintiff cites or discern the relief Plaintiff requests. If Plaintiff instead seeks to file a motion to compel discovery, he has not included a certification indicating he has in good faith conferred or attempted to confer with the Defendants, which is required by Federal Rule of Civil Procedure 37(a)(1). Moreover, the Court notes this matter remains stayed pending resolution of state court criminal proceedings. Doc. 106. Therefore, the Court **DENIES** Plaintiff's Motion to Strike.

## CONCLUSION

For the reasons set forth above, the Court **DENIES**: Plaintiff's Motion for Emergency Release, doc. 102; Plaintiff's Amendment to the Motion, doc. 103; Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (construed as a request to file out-of-time objections to the undersigned's March 3, 2020 Report and Recommendation), doc. 114; Plaintiff's Motion to Supress, doc. 117; and Plaintiff's Motion to strike, doc. 118. In addition, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Emergency Relief. Doc. 115.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions

on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of February, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA