IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| KENNETH CLAY,<br><br>      Plaintiff,<br><br>v.<br><br>ROBYN BANKS; and JAMES RON BIVINS,<br><br>      Defendants. | CIVIL ACTION NO.: 6:18-cv-92 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Summary Judgment, doc. 131, and Plaintiff's Motion for Judgment on the Pleadings, doc. 141. For the following reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgment and **DENY** Plaintiff's Motion for Judgment on the Pleadings. Therefore, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to enter the appropriate judgment and **CLOSE** this case and **DENY** Plaintiff *in forma pauperis status* on appeal.

**BACKGROUND**

Plaintiff brought this 42 U.S.C. § 1983 action, asserting claims relating to his arrests for failure to register as a sex offender. Docs. 1, 22, 41. Because Plaintiff brought three different actions alleging substantially similar facts, the Honorable Chief Judge J. Randal Hall consolidated the case into a single action. Doc. 47. On August 8, 2019, the Court deferred conducting frivolity review in the case and ordered Plaintiff to file an Amended Complaint within 14 days because Plaintiff's factual allegations were "scattered throughout his Complaints, Amended Complaints, Motions, and various other responsive pleadings." Doc. 51 at 12–15. In

this Order, the Court warned Plaintiff his Amended Complaint would supersede all former pleadings.  Id. at 13.

Plaintiff filed a Second Amended Complaint on August 19, 2019.  Doc. 52.  However, Plaintiff filed two motions to amend and an additional Amended Complaint shortly thereafter.  Docs. 56, 59, 71.  Thus, the Court considered those allegations included in the motions to amend and the two amended complaints when conducting frivolity review (the combination of which are referred to as "Amended Complaint").  Doc. 81 at 3; Doc. 88 at 3.  The Court dismissed Plaintiff's claims against the Toombs County Sheriff's Office and Doug Maybin and Plaintiff's claims for injunctive relief.  Doc. 88, 106.  Additionally, the Court stayed Plaintiff's claims for monetary damages asserted against Defendants Banks and Bivens pending resolution of the parallel state court proceedings.  Doc. 88, 106.  The Court ordered the parties "to notify the Court within 30 days of the disposition of the criminal case."  Id. at 1.  Although the case was stayed, the Court ordered service of Plaintiff's Amended Complaint upon Defendants Banks and Bivens.  Doc. 89.

Plaintiff's pending claims arise from his arrests for failure to register as a sex offender.  Doc. 71 at 3.  Plaintiff alleges he complied with the requirements of the sex offender registry and Defendants violated his constitutional rights by making false statements in the arrest warrants.  Id. at 2–7.  Plaintiff further alleges one of his arrests was in violation of a court order that required him to live at 211 Everett Street in Vidalia, Georgia.  Id. at 11.

On May 28, 2021, Defendants filed a motion for leave to file dispositive motion in which they explained they were unaware of the status of the parallel court proceedings and requested the Court's permission to file a motion for summary judgment despite the stay.  Doc. 130.  The Court granted Defendants' motion, and Defendants' Motion for Summary Judgment is now

2

before the Court for consideration. Docs. 131, 138. On June 6, 2021, Plaintiff filed two Responses objecting to Defendants' Motion, the second of which included various attachments. Docs. 134, 135. In these Responses, Plaintiff included a note requesting additional time so he could access the law library. Id. The Court later granted this request, allowing Plaintiff until July 12, 2021, to respond. Doc. 138. After filing these initial responses, Plaintiff submitted numerous other filings, including a document entitled "9-6-22," two motions to appoint counsel, a document entitled "Notice of Exhibits and Demand for Trial," and another document entitled "Defenses and Objection Rule 12(c) Motion for Judgment on the Pleading." Docs. 136, 140, 141, 144, 145. In the filing entitled "Defenses and Objection Rule 12(c) Motion for Judgment on the Pleading," it appears Plaintiff is providing an additional response to Defendants' Motion and affirmatively moving the Court to enter judgment in his favor. Doc. 141. In that filing, Plaintiff simultaneously argues Defendants' Motion should be denied and he is entitled to judgment in his favor due to a lack of a genuine dispute of material fact. Id. The Court notes Plaintiff has not requested leave of Court to file multiple response briefs. Many of Plaintiff's filings are incomprehensible and reference irrelevant provisions of law.

Although the Court granted Defendants leave to file a dispositive motion, the Court notes the circumstances surrounding Defendants' Motion for Summary Judgment are atypical, given that no discovery has occurred and the case has been stayed since frivolity review pending resolution of the criminal proceedings. However, these circumstances do not prevent the Court from ruling on Defendants' Motion.[1] Federal Rule of Civil Procedure 56(b) states a party may

---

[1] It appears Plaintiff has been convicted of both offenses. http://www.dcor.state.ga.us/GDC/Offender/Query, search for 1225729, "Clay, Kenneth" (last visited Aug. 6, 2021). If this is the case, Plaintiff's claims would be barred under Heck v. Humphrey, 512 U.S. 477, 486–87 (1994) (Under Heck, a plaintiff who is attempting "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness

3

move for summary judgment at any time until 30 days after the close of discovery. In his summary judgment briefing, Plaintiff has not requested discovery or asked the Court to defer ruling on the Motion pending discovery. In fact, Plaintiff has affirmatively moved for judgment in his favor based on the current record. Doc. 141.

## STATEMENT OF MATERIAL FACTS[2]

In 2007, Plaintiff was convicted of child molestation, criminal attempt to commit aggravated child molestation, and contributing to the delinquency of a minor. Doc. 135-4 at 8. Defendant Banks is a Lieutenant for the Toombs County Sheriff's Office. Doc. 131-4 at 1. Defendant Bivins is a Chief Deputy for the Montgomery County Sheriff's Office. Doc. 131-3 at 1. On or around December 27, 2016, Defendant Banks became aware Plaintiff was moving to Toombs County and notified Defendant Bivins. Doc. 131-3 at 1, 5. Plaintiff had left a letter with the Montgomery County Sheriff's Office indicating his intent to move. Id. at 1. Defendant

---

would render a conviction or sentence invalid," must make a showing his conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus.).

[2]  Plaintiff has submitted two Responses and numerous other filings, but he has not submitted a clear response to Defendants' Statement of Facts. Although Plaintiff did submit a "Statement of the Fact," this section of Plaintiff's "Motion for Judgment on the Pleading" does not specifically respond to any of Defendants' Statement of Facts and does not cite to evidence in the record whatsoever. Doc. 141 at 4–7. In its May 28, 2021 Notice, the Court stated it "may assume that you admit all [of Defendants' Statement of Facts] unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence." Doc. 132. Additionally, this Court's Local Rules state, "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party." Local R. 56.1. Because Plaintiff has not submitted a clear statement disputing Defendants' Statement of Facts, despite receiving instructions to do so, the Court concludes Plaintiff has not disputed Defendants' Statement of Facts. Plaintiff's pro se status does not excuse him from compliance with procedural rules, including this Court's Local Rules. Neil v. United States, 508 U.S. 106, 113 (1993). Moreover, in the "Statement of the Fact," Plaintiff presumes things he would not have personal knowledge of, including what Defendants knew or did not know and their states of mind during the events in question. Plaintiff does not cite to any record evidence to support these statements other than swearing his entire Motion to be "without perjury." Doc. 141 at 19.

Bivins believed Plaintiff violated Georgia law by doing only this and not meeting with anyone in person to fill out the relevant registration forms.  Id. at 1, 5.  On or around December 29, after Plaintiff was found living in Toombs County, he was arrested.  Id. at 2, 5.  On December 29, Defendant Bivins provided an affidavit to the magistrate court, which issued an arrest warrant.  Id. at 2, 6.  Plaintiff pleaded guilty and was sentenced to 22 months' confinement with credit for time served.[3]  Id. at 7–8.

Plaintiff then registered his address with the Toombs County Sheriff's Office as 211 Everett Street, Vidalia, Georgia.  Doc. 131-4 at 1.  Subsequently, Defendant Banks discovered 211 Everett Street was located within 1,000 feet of a splash pad and within 600 feet of a church.  Id. at 2.  After he was informed of the violation, Plaintiff reported he resided at 3767 GA Hwy, Vidalia, Georgia.  Id.  However, the Toombs County Sheriff's Office was unable, on multiple dates, to verify Plaintiff resided at this address.  Id. at 2, 6–8.  Therefore, on July 5, 2017, the magistrate court issued a warrant for Plaintiff's arrest.  Id. at 2, 9.  On July 8, 2017, Plaintiff was arrested, his bond was paid, and he was released.  Id. at 2.  After his release, Plaintiff reported to the Toombs County Sheriff's Office and was told he had 72 hours to find legal housing.  Id.

As of July 17, 2017, Plaintiff had not reported any change in address to the Toombs County Sheriff's Office.  Id. at 3.  In fact, Plaintiff stated on Facebook Live he was residing at 211 Everett Street at some time after July 11, 2017.  Id.  Therefore, Defendant Banks signed an affidavit in which she stated she believed Plaintiff had violated Georgia law.  Id. at 3, 12.  On

---

[3]  In his "Affidavit," Plaintiff concludes Defendant Bivins lied about his failure to register because Defendant Bivins filled out a registration form with him but provides no further information.  Doc. 141 at 15.  The Court cannot gather from Plaintiff's briefing whether he is referring to the letter he left, a form he completed when he intended to move from Montgomery County to Toombs County, a form he completed when he initially moved to Montgomery County, or some other form.  Thus, this is not a sufficiently clear statement to dispute Defendants' Statement of Facts.  Furthermore, Plaintiff has not disputed he pleaded guilty to failure to register when he moved from Montgomery County to Toombs County.

July 17, 2017, the magistrate court issued another warrant for Plaintiff's arrest. Id. at 12. Pursuant to this warrant, Plaintiff was arrested again at 211 Everett Street. Id. at 3.

Between his Montgomery County arrest and Toombs County arrests, Plaintiff had a hearing in Muscogee County Superior Court, and the judge issued special conditions of bond requiring Plaintiff to stay at 211 Everett Street. Id. at 3. Defendant Banks was not aware of this order at the time of the July 8, 2017 arrest. Once she became aware of the special conditions, Defendant Banks informed the Muscogee County District Attorney's office the address violated the sex offender registry requirements. Id.

## DISCUSSION

**I.   Standard of Review**

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)). "If the evidence [produced by the nonmoving party] is merely colorable or is not significantly probative summary judgment must be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242 at 249 (1986) (citations omitted).

The moving party bears the burden of establishing there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must

6

identify the portions of the record which establish there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law."  Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011).  When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing the record lacks evidence to support the nonmoving party's case or the nonmoving party would be unable to prove his case at trial.  See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)).  Once the party moving for summary judgment satisfies its initial burden, the burden shifts to the nonmoving party to come forward with specific facts showing a genuine dispute for trial.  Hinson v. Bias, 927 F.3d 1103, 1115 (11th Cir. 2019).  In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in the light most favorable to the nonmoving party.  Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011).

## II.     Qualified Immunity

In their Motion for Summary Judgment, Defendants contend they are entitled to qualified immunity because their conduct did not violate Plaintiff's constitutional rights or clearly established law.  Doc. 131-1.

### A.     Legal Standard

Qualified immunity shields officials from civil liability so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Crocker v. Beatty, 995 F.3d 1232, 1239 (11th Cir. 2021) (citing Mullenix v. Luna, 577 U.S. 7, 11 (2015)).  When qualified immunity applies, it is "an immunity from suit rather than a mere defense to liability."  Id. (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).  The

doctrine shields "all but the plainly incompetent or those who knowingly violate the law." Id. (citing Gates v. Khokhar, 884 F.3d 1290, 1296 (11th Cir. 2018)).

"To receive qualified immunity, the officer must first show that he acted within his discretionary authority." Id. (citing Lewis v. City of W. Palm Beach, 561 F.3d 1288, 1291 (11th Cir. 2009)). Where it is undisputed the officer was acting within her or his discretionary authority, it falls to the plaintiff to "show that qualified immunity should not apply." Id. at 1239–40. To do so, the plaintiff must allege facts establishing both (1) the officer violated a constitutional right, and (2) the relevant right was "clearly established" at the time of the alleged misconduct. Id. at 1240 (citing Jacoby v. Baldwin County, 835 F.3d 1338, 1344 (11th Cir. 2016)). The court considering the issue may address either prong or both. Id. (citing Pearson v. Callahan, 555 U.S. 223, 231, (2009)).

On the second prong, only decisions of the United States Supreme Court, the Eleventh Circuit Court of Appeals, or the highest court in a state can "clearly establish" the law. Id. (citing Gates, 884 F.3d at 1296). Because only clearly established law gives an officer "fair notice her conduct was unlawful," the United States Supreme Court has held the contours of the constitutional right at issue "must be sufficiently clear [so] that a reasonable official would understand that what [s]he is doing violates that right." Id. (citing Brosseau v. Haugen, 543 U.S. 194, 198 (2004), and Hope v. Pelzer, 536 U.S. 730, 739 (2002)).

Under the Eleventh Circuit precedent, a right can be clearly established in one of three ways. Id. The plaintiff must point to either (1) "case law with indistinguishable facts," (2) "a broad statement of principle within the Constitution, statute, or case law," or (3) "conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." Id. (citing Lewis, 561 F.3d at 1291–92). Although options two and three can suffice, the

Supreme Court has warned courts not to "define clearly established law at a high level of generality." Id. (citing Plumhoff v. Rickard, 572 U.S. 765, 779 (2014)). Therefore, the second and third paths are "rarely-trod ones." Id. (citing Gaines v. Wardynski, 871 F.3d 1203, 1209 (11th Cir. 2017)). And when a plaintiff relies on a "general rule" to show the law is clearly established, the rule must apply with "obvious clarity to the circumstances." Id. (citing Long v. Slaton, 508 F.3d 576, 584 (11th Cir. 2007), and Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir. 2010) ("[I]f a plaintiff relies on a general rule, it must be obvious that the general rule applies to the specific situation in question.")).

**B.     Analysis**

Defendants assert they acted within their discretionary authority. Doc. 131-1 at 7–8. Defendants argue obtaining an arrest warrant and making an arrest are within the typical job duties of a Lieutenant and Deputy. Id. at 7. Plaintiff has not disputed Defendants were acting within their discretionary authority when completing these actions. Thus, the burden shifts to Plaintiff to show qualified immunity would be inappropriate. Crocker, 995 F.3d at 1239–40.

Plaintiff has not carried his burden. Because Plaintiff has not shown the relevant rights were clearly established, the Court declines to address whether Defendants violated Plaintiff's constitutional rights. To begin, the Court cannot discern the specific constitutional rights Plaintiff claims Defendants violated. In his briefing, Plaintiff simply states Defendants violated clearly established law without specifically explaining why this is the case. Doc. 141 at 5–8, 10. Based on the above statement of facts, Plaintiff must show a reasonable officer would have known the affidavits submitted in this case violated Plaintiff's constitutional rights.[4]

---

[4]  The affidavits at issue merely state Defendants believed at the time Plaintiff violated Georgia law by failing to register as a sex offender. Doc. 131-3 at 6; Doc. 131-4 at 9, 12. Plaintiff alleges in his Amended Complaint Defendants made false statements due to Plaintiff's race and color. However, there

Additionally, as to Defendant Banks, Plaintiff must show a reasonable officer would have known arresting Plaintiff for residing at an improper address when bond conditions required Plaintiff to stay at that address violated Plaintiff's constitutional rights, even though Plaintiff never presented the bond conditions to Defendant Banks.

First, Plaintiff has not pointed to case law with indistinguishable facts. Plaintiff has cited to myriad different statutes and cases without specifically arguing these sources of law show his rights were clearly established. Many of these cited sources are not relevant to the asserted rights, much less demonstrate clearly established law. For example, Plaintiff cites to 18 U.S.C. §§ 242 and 371, but these are criminal statutes. Doc. 141 at 9–10, 13. Plaintiff cites to Anderson, 477 U.S. 242, which is a First Amendment case discussing actual malice in a libel action. Doc. 141 at 1. Thus, the claims at issue in Anderson are not relevant to this case. Plaintiff also cites to Colon v. Coughlin, 58 F.3d 865 (2d Cir. 1995), and United States v. Ramey, 336 F.2d 512 (4th Cir. 1964). Id. at 9, 12. However, cases from other circuits cannot satisfy Plaintiff's burden of showing Defendants violated clearly established law. Crocker, 995 F.3d at 1240. In his two initial response briefs, Plaintiff cites to: Brown v. Bd. of Educ., 345 U.S. 972, (1953) (holding racial segregation in public schools unconstitutional); Regents of Univ. of Ca. v. Bakke, 438 U.S. 265 (1978) (holding special admissions program based solely upon race unconstitutional); Roe v. Wade, 410 U.S. 113 (1973) (holding criminal statutes prohibiting abortions at any state unconstitutional); Bush v. Gore, 531 U.S. 98 (2000) (holding Florida Supreme Court's ordering of manual recount of election votes violated Equal Protection Clause); Reed v. Reed, 404 U.S. 71 (1971) (holding statute which preferred males over females

---

is nothing before the Court supporting this allegation. Everything in the record demonstrates Defendants' statements in their affidavits were based on facts relating to Plaintiff's residency and registration requirements that were known to Defendants at the time. Doc. 71 at 4.

to administer estates unconstitutional). Docs. 134, 135. These cases are not related to the rights at issue in this case in any way.

Plaintiff also cites to Jones v. Cannon, 174 F.3d 1271 (11th Cir. 1999), which is at least a somewhat relevant case. Doc. 141 at 12. However, Jones does not contain indistinguishable facts to the case at hand. Jones involved two police officers' conduct when completing a murder and sexual assault investigation. Id. The Eleventh Circuit Court of Appeals considered whether the officers were entitled to qualified or absolute immunity for their conduct during the investigation and subsequent prosecution of the criminal case after the plaintiff was acquitted on the charges. Id. The court held the officers were not entitled to qualified immunity for their warrantless arrest of the plaintiff because one of the officers was specifically told over the phone by a state attorney probable cause did not exist for plaintiff's arrest while the other officer actively participated in the arrest by being present during the interview where no confession was made, taking notes, and transporting the plaintiff to jail. Id. at 1283–84. Additionally, the court held one of the officers was not entitled to absolute or qualified immunity for fabricating a confession in an arrest affidavit and planting a boot print connecting the plaintiff to the scene of the crime. Id. at 1286, 1290. The remaining holdings are not relevant to the facts of this case.

Jones dealt with rather extreme facts, which simply are not present in this case. The Court cannot say under the facts of this case that Jones would have put Defendants on notice their conduct violated Plaintiff's constitutional rights. There, the officers allegedly fabricated a confession, arrested the plaintiff despite being specifically told no probable cause existed to do so, and fabricated evidence. Here, Defendants merely represented in affidavits they believed Plaintiff failed to properly register as a sex offender. Defendant Bivins based this belief on Plaintiff only leaving a letter and failing to fully complete the relevant forms in person.

Defendant Banks based her statements on her prior warning to Plaintiff the address where he was residing was impermissible and on Plaintiff's representation he was still at the address on Facebook Live.  The record shows Defendants believed an arrest would be proper based on the facts before them at that time and did not fabricate facts or evidence to obtain an arrest or conviction as in Jones.  Thus, Plaintiff has not pointed to "case law with indistinguishable facts." Crocker, 995 F.3d at 1240.

Plaintiff has not provided any reason why the Court should proceed down the remaining two "rarely-trod" paths.  Id.  Thus, Plaintiff has not satisfied his burden of showing Defendants violated clearly established law.  Although Plaintiff suggests Defendants should have known including false statements in their affidavit violated his constitutional rights, he fails to explain how this general rule applies with obvious clarity to the circumstances of this case.  Doc. 141 at 6; Crocker, 995 F.3d at 1240.  The Court recognizes a general principle exists in the case law of this Circuit that knowingly or at least recklessly making a false statement in an arrest affidavit can violate constitutional rights.  See, e.g., Jones, 174 F.3d at 1285; Kelly v. Curtis, 21 F.3d 1544, 1554 (11th Cir. 1994).  However, there is no evidence before the Court at this time tending to show Defendants knew or should have known the statements, which simply included a summary that they believed Plaintiff failed to register as a sex offender at each address, were false.  Thus, this general principle does not apply with obvious clarity, nor has Plaintiff explained why the principle should apply.  Crocker, 995 F.3d at 1240.  The Court cannot say Defendants' conduct was so egregious that a constitutional right was clearly violated with no evidence before it tending to show Defendants should have known their statements or an arrest of Plaintiff would have been improper.  Id.  In sum, Plaintiff simply has not satisfied his burden of showing Defendants violated clearly established law.  Because Defendants are entitled to qualified

immunity, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgment. Because I have concluded Defendants are entitled to qualified immunity, Plaintiff is not entitled to judgment in his favor. Thus, I also **RECOMMEND** the Court **DENY** Plaintiff's Motion for Judgment on the Pleadings. Doc. 141.

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims and Defendants' Motion for Summary Judgment, there are no non-frivolous issues to raise on appeal, and an appeal on these claims

would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgment and **DENY** Plaintiff's Motion for Judgment on the Pleadings. Therefore, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to enter the appropriate judgment and **CLOSE** this case and **DENY** Plaintiff *in forma pauperis status* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 6th day of August, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA