# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

KENNETH CLAY,

    Plaintiff,

v.

ROBYN BANKS; and JAMES RON BIVINS,

    Defendants.

CIVIL ACTION NO.: 6:18-cv-92

## O R D E R

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's August 6, 2021 Report and Recommendation. (Docs. 151, 152.) In his Report and Recommendation, the Magistrate Judge recommended granting summary judgment in favor of Defendants. (Doc. 148.) The Magistrate Judge concluded Defendants were entitled to qualified immunity because Plaintiff did not show Defendants violated clearly established law. (Id.) For the reasons stated below, the Court **OVERRULES** Plaintiff's Objections.

The Magistrate Judge correctly concluded Plaintiff did not satisfy his burden of showing Defendants violated clearly established constitutional law. Plaintiff's Objections are largely a rehash of arguments he raised in response to Defendants' motion for summary judgment, which the Magistrate Judge fully considered and correctly rejected. As the Magistrate Judge noted, the Court cannot even ascertain which specific constitutional rights Plaintiff claims Defendants violated.

A plaintiff can show the law is clearly established in one of three ways under Eleventh Circuit precedent: (1) "case law with indistinguishable facts," (2) "a broad statement of principle

within the Constitution, statute, or case law," or (3) "conduct so egregious that a constitutional right was clearly violated." Crocker v. Beatty, 995 F.3d 1232, 1239 (11th Cir. 2021). Plaintiff has not pointed to case law with indistinguishable facts in either his summary judgment briefing or current Objections before this Court. In his Objections, Plaintiff cites to a few somewhat relevant cases, but those cases do not require a result different from the Magistrate Judge's recommendation. For example, in Malley v. Briggs, 475 U.S. 335 (1986), the United States Supreme Court considered whether a state trooper was absolutely immune or per se entitled to qualified immunity for arrest warrant applications which were ultimately approved by a magistrate. Malley is distinguishable. Unlike the defendants in Malley, Defendants in this case do not claim they are per se entitled to qualified immunity because the magistrate granted arrest warrants. Rather, Defendants argue they are entitled to qualified immunity because they did not violate Plaintiff's constitutional rights, in that there is no evidence of any false statement by Defendants in an affidavit or that any false statement was made knowingly or recklessly. (Doc. 131-1, pp. 8– 11.) Defendants further maintain there was arguable probable cause for Plaintiff's arrest. (Id.)

In Garmon v. Lumpkin County, 878 F.2d 1406, 1408–10 (11th Cir. 1989), also cited by Plaintiff, the Eleventh Circuit Court of Appeals found a sheriff was not entitled to qualified immunity for carrying out an arrest for false report of a crime when one of his investigators who had little involvement with the case submitted a conclusory affidavit to obtain the warrant. The court found the sheriff "did not have an objectively reasonable basis for believing that his investigator's affidavit established probable cause" because the only facts which could have supported an arrest were a lack of evidence supporting the alleged crime reported by the plaintiff and the plaintiff's failure to sit for a polygraph examination. Id. Garmon involved unique facts

and is clearly distinguishable from the case at hand. Here, Defendants signed the arrest affidavits themselves and had substantial familiarity with the underlying investigation of Plaintiff's failure to register as a sex offender. Based on the record before the Court at this time, Defendants had objectively reasonable bases to believe Plaintiff failed to register or resided at improper addresses, unlike the sheriff in Garmon.

The remaining cases cited by Plaintiff in his Objections are all distinguishable as well. See, e.g., Harlow v. Fitzgerald, 457 U.S. 800 (1982) (holding presidential aides are entitled to qualified immunity); Boxer X v. Harris, 437 F.3d 1107, 1112 (11th Cir. 2006) (holding prisoner stated a plausible First Amendment retaliation claim); Erickson v. Pardus, 551 U.S. 89 (2007) (holding prisoner's complaint satisfied Federal Rule of Civil Procedure 8(a)(2) and should be liberally construed at motion to dismiss stage); Haines v. Kerner, 404 U.S. 519 (1972) (holding prisoner was entitled to offer proof of his allegations and complaint should be liberally construed); Kilgo v. Ricks, 983 F.2d 189 (11th Cir. 1993) (holding district court abused discretion in dismissing prisoner's complaint for failure to follow local rules and update address). Plaintiff has not pointed to case law with indistinguishable facts.

Regarding the remaining two ways to show clearly established law, the Eleventh Circuit has clarified that these are "rarely-trod" paths. Crocker, 995 F.3d at 1240. Plaintiff has not explained with any clarity why the Court should proceed down these remaining "rarely-trod" paths. Id. In sum, Plaintiff simply has not satisfied his burden of showing Defendants violated clearly established law. Therefore, Defendants are entitled to qualified immunity. The Court again notes Plaintiff's claims are likely barred under Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). Plaintiff has not explained why this would not be the case.

In his Objections, Plaintiff also reiterates his need for counsel. However, the Court has already considered and properly rejected these requests. Docs. 147, 87, 88. Accordingly, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation and **OVERRULES** Plaintiff's Objections. The Court **GRANTS** Defendants' Motion for Summary Judgment, **DENIES** Plaintiff's Motion for Judgment on the Pleadings, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment, and **DENIES** Plaintiff *in forma pauperis* status on appeal.

**SO ORDERED**, this 10th day of September, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA